JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Rafael Martinez, appeals the trial court's decision, which denied his motion to withdraw his guilty plea. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} This appeal involves four separate cases that have been consolidated for purposes of judicial economy.
 {¶ 3} On October 1, 2003, the appellant was indicted in case number CR445467. He was charged with three counts of rape, with a violent predator specification, in violation of R.C. 2907.02, and one count of kidnapping, in violation of R.C. 2905.01. He was arraigned on October 4, 2003 and entered a plea of not guilty.
 {¶ 4} On October 21, 2003, the appellant was indicted in case number CR443699. He was charged with one count of rape, in violation of R.C. 2907.02, and one count of kidnapping, with a sexual motivation specification, in violation of R.C. 2905.01. On October 24, 2003, he was arraigned and pleaded not guilty.
 {¶ 5} On December 9, 2003, the appellant was indicted in case number CR443235. He was charged with one count of aggravated robbery, with a firearm specification, in violation of R.C.2911.01; two counts of trafficking in drugs, in violation of R.C.2925.03; and one count of possession of drugs, in violation of R.C. 2925.11. He was arraigned on October 15, 2003 and entered a plea of not guilty.
 {¶ 6} On December 24, 2003, the appellant was indicted in case number CR446955. He was charged with two counts of rape with a violent offender specification, in violation of R.C. 2007.02; and one count of kidnapping, in violation of R.C. 2905.01. On December 30, 2005, the appellant was arraigned and pleaded not guilty.
 {¶ 7} On March 22, 2004, the appellant entered into a plea agreement with the state. In CR445467, the state agreed to dismiss the sexually violent predator specification and, in turn, the appellant pleaded guilty to three counts of rape and one count of kidnapping. In CR446955, the state agreed to dismiss the violent offender specification, and the appellant pleaded guilty to two counts of rape and one count of kidnapping. In CR436699 and CR443235, the appellant pleaded guilty to all charges in the indictments.
 {¶ 8} Before the appellant pleaded guilty to the amended charges, the trial court entered into a lengthy discussion with him regarding his sentence. After the trial judge informed the appellant that following his plea he would receive a psychiatric evaluation and presentence investigation, the appellant expressed that he was dissatisfied with his defense counsel and informed the court that he was experiencing psychiatric problems. He then stated that he did not want to enter a plea because, in his present mental state, he was not aware of his own actions. The trial judge informed the appellant that his mental state would not affect the length of his sentence and that, with respect to the present proceeding, the appellant could either enter a guilty plea or proceed with a trial. Following the trial judge's statements, the appellant entered a guilty plea.
 {¶ 9} On May 19, 2004, two months following the appellant's plea hearing, he underwent a psychiatric evaluation that determined he was incompetent at the time of the evaluation. He was referred for psychiatric treatment and was restored to competency before his sentencing hearing. On October 6, 2004, he was sentenced to the agreed term of ten years. During the sentencing hearing, the appellant made an oral motion to withdraw his previous guilty plea. After careful review of the appellant's mental health report and the transcript from the plea hearing, the trial court denied his motion.
 {¶ 10} The appellant now brings this appeal, asserting one assignment of error for our review.
 {¶ 11} "The trial court's refusal to grant the appellant's presentence request to withdraw his plea constitutes an abuse of discretion."
 {¶ 12} The appellant argues that he was mentally incompetent when he entered his plea and, as a result of his deficient mental state, he was incapable of entering a valid plea. More specifically, he asserts that the trial court's denial of his request to withdraw his plea constituted an abuse of discretion.
 {¶ 13} To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 50 OBR 481, 450 N.E.2d 1140.
 {¶ 14} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins (1984),15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 3843-85. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Id.
 {¶ 15} The appellant argues that the trial court erred when it denied his request to withdraw his plea. We do not agree. Prior to accepting his plea, the trial court entered into an extensive discussion with the appellant, wherein the trial judge informed him of the terms and conditions of his sentence. During the trial court's lengthy colloquy, the following exchange occurred:
 {¶ 16} "THE COURT: Do you understand what's going on?
 {¶ 17} "THE DEFENDANT: Yes, your Honor.
 {¶ 18} "THE COURT: Is this what you want to do, enter this plea here today? Because and let me lay the cards on the table, Rafael. It's got to be of your own free will; it's not because someone is threatening you or pressuring you or anything like that. You can try these cases today; you can plead these cases today. What do you want to do?
 {¶ 19} "THE DEFENDANT: There's no way that I can plead after a report?
 {¶ 20} "THE COURT: No. And the basis for my decision is very clear. I've had a thorough discussion with you today and on prior occasions. You are clearly competent to stand trial. You understand the nature of the offenses, your role in this, my role; you've communicated effectively. You have a rational decision making process. Sanity at the time of the act was never an issue. You are prepared to go forward.
 {¶ 21} Now, if you're telling me that there's mitigation, that there's stuff in your background that would mitigate sentence, I'm more than willing to get a presentence report so that we can have this information, so that we can send it to the appropriate institution and request the necessary care. But we're not going to delay these proceedings today to develop the mitigatory evidence. We're ready to go forward.
 {¶ 22} "THE DEFENDANT: Those reports would not help my sentence no way.
 {¶ 23} "THE COURT: Your sentence will be ten years should you plead here today. The reports may assist you in developing a protocol for your rehabilitation, but, no, it doesn't get any better than the ten years given the nature and the number and the seriousness of these offenses. Are there any other questions.
 {¶ 24} "THE DEFENDANT: No.
 {¶ 25} "THE COURT: Is this plea freely and knowledgeably and voluntarily made? Yes or no.
 {¶ 26} "THE DEFENDANT: Yes."
 {¶ 27} It is clear from the above exchange that the appellant experienced confusion and issues regarding his mental health only after the trial judge informed him that he would be referred for a psychiatric evaluation. The appellant did not raise the issue of his mental competence at the beginning of the proceedings, nor did his defense counsel raise the issue to the court. It was only after the appellant came to the incorrect conclusion that the length of his sentence might be altered on the basis of his mental state that he expressed difficulty in understanding the proceedings. When the trial judge informed him that his mental status would have no bearing on the length of his sentence and would only affect his rehabilitation, the appellant decided to enter a guilty plea.
 {¶ 28} With respect to an individual's competence to enter a valid guilty plea, this court has previously held, in State v.Haidong Tong (March 10, 1994), Cuyahoga App. No. 64903, that the standard used to determine competence to stand trial would serve as the same standard to determine an individual's competence to enter a guilty plea. The United States Supreme Court, in Duskyv. United States (1960), 362 U.S. 402, 80 S.Ct. 788,4 L.Ed.2d 824, set forth the test to resolve whether a defendant is competent to stand trial. It stated that the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." Id. at 402.
 {¶ 29} The transcript from appellant's plea hearing clearly shows that, until the trial judge mentioned the psychiatric evaluation, the appellant was alert, aware, and coherent. He had the ability to enter into a verbal exchange with the trial judge and also expressed an understanding of the proceedings. Although a psychiatric evaluation several months after the plea determined that the appellant was mentally incompetent at the time of the evaluation, his actions during the hearing indicated otherwise.
 {¶ 30} Prior to denying the appellant's motion to withdraw and proceeding to sentencing, the trial court carefully reviewed the appellant's psychiatric report as well as the transcript from the plea hearing. After examining the transcript, the trial court reached the logical conclusion that the appellant's plea was freely, knowingly and voluntarily given. We agree with the trial court's findings. The transcript indicates that the appellant had the ability to consult with his lawyer with a reasonable degree of understanding and also had a rational and factual understanding of the proceedings against him, thus fulfilling the competence requirements established by Dusky. Accordingly, the trial court's denial of the appellant's request to withdraw his guilty plea was neither unreasonable, arbitrary nor unconscionable, and we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Rocco, J., concur.