JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Cedric Montgomery appeals from both the trial court order that denied his pre-sentence motion to withdraw his guilty plea to a charge of felonious assault with a firearm specification, and the subsequent sentence imposed for his conviction.
 {¶ 2} With regard to the denial of his motion, Montgomery argues the trial court did not properly weigh the factors involved for its consideration. Similarly, with regard to his sentence, he argues that prior to imposing more than the minimum term for the offense, the trial court did not properly weigh the statutory sentencing factors.
 {¶ 3} Following a review of the record, this court cannot find fault with the trial court's decisions, either to deny Montgomery's motion to withdraw his plea or to impose sentence. Consequently, the trial court's orders are affirmed.
 {¶ 4} The record reflects Montgomery originally was indicted on two alternative counts of felonious assault upon a female victim. Each count contained both a one-year and a three-year firearm specification. At his arraignment, Montgomery pleaded not guilty to the charges.
 {¶ 5} After several months of discovery and pre-trial hearings, and on the day the case was set for trial, Montgomery entered into a plea agreement with the state. By its terms, Montgomery entered a plea of guilty to count one, which was amended to delete the one-year firearm specification, in exchange for the dismissal of count two. The court accepted Montgomery's plea and referred him to the probation department for a presentence investigation and report. The court set the sentencing hearing for the following month.
 {¶ 6} Approximately two weeks prior to the sentencing hearing, Montgomery retained new counsel in his defense. Counsel filed on his behalf a motion to withdraw his plea.
 {¶ 7} The trial court considered the motion at the sentencing hearing. Montgomery's defense counsel acknowledged the court's full compliance with Crim.R. 11 requirements during the plea hearing, but argued that Montgomery "perhaps was just caught up in" the process, since he actually was innocent because "he committed these acts * * * in self-defense."
 {¶ 8} After listening to the arguments of defense counsel and the prosecutor, the court denied Montgomery's motion. It stated that Montgomery had been represented by "highly competent counsel" at the plea hearing, Montgomery had been fully apprised of the penalties involved, and entered his plea without any protestations of innocence even though the case was ready for trial.
 {¶ 9} The case proceeded to sentencing. The court stated the facts as presented in the probation department report, noted that Montgomery had been convicted previously in other States, and indicated that in view of the gunshot injuries suffered by the victim, a sentence of three years on the firearm specification to be served prior to and consecutive with four years on the underlying offense was appropriate.
 {¶ 10} Montgomery has filed a timely appeal of his conviction and sentence. He presents the following two assignments of error for review:
 {¶ 11} "I. The trial court abused its discretion and committed reversal [sic] error by refusing to vacate the appellant's guilty plea before sentencing.
 {¶ 12} "II. The trial court erred by sentencing appellant to more than the minimum sentence as required by R.C. 2929.14(B)."
 {¶ 13} Montgomery's first argument concerns the trial court's denial of his motion to withdraw his guilty plea. He contends the trial court improperly weighed the relevant factors involved in such a decision. This court disagrees.
 {¶ 14} Montgomery filed his motion pursuant to Crim.R. 32.1. With regard to a plea withdrawal motion made prior to sentencing, the standard of appellate review is limited to a determination of whether the trial court abused its discretion. State v. Xie
(1992), 62 Ohio St.3d 521.
 {¶ 15} In State v. Peterseim (1980), 68 Ohio App.2d 211, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea. No abuse of discretion occurs in a case where: the accused was afforded a full Crim.R. 11 plea hearing at which he was represented by highly competent counsel; and, further, the accused was given a complete and impartial hearing on the motion, where the record reflects the court gave full and fair consideration to his request. Id., at headnote three. A review of the record in this case demonstrates the trial court fully complied with the foregoing criteria.
 {¶ 16} This court would add one additional criteria to thePeterseim standard. In a case in which the record reflects the defendant made his decision to enter a guilty plea at the time his case had been called for trial, with the parties fully prepared to go forward, the jury about to be chosen, and the witnesses present, the trial court certainly acts within its discretion to include this circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea.
 {¶ 17} The trial court in this case simply decided Montgomery's new claim of innocence, in view of the fact that he originally made his decision to enter a guilty plea at his "moment of truth," lacked credibility. Absent a reasonable and legitimate basis, therefore, for Montgomery's request to withdraw his plea, the trial court did not abuse its discretion in denying his motion. State v. Martinez, Cuyahoga App. Nos. 85523, 85524, 86468, 2006-Ohio-1331; State v. Robinson (Mar. 21, 1991), Cuyahoga App. No. 58181.
 {¶ 18} Accordingly, Montgomery's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, Montgomery argues the trial court failed to comply with R.C. 2929.14(B) in imposing more than the minimum term of incarceration for his conviction of felonious assault. A comparison of the facts of this case in conjunction with the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, renders his argument unpersuasive.
 {¶ 20} In Foster, the supreme court declared unconstitutional several sentencing provisions, including R.C.2929.14(B). If the trial court, therefore, relied upon the unconstitutional provisions in pronouncing sentence, the sentence imposed is "contrary to law" and, consequently, must be vacated and remanded to the trial court for a new sentencing hearing not inconsistent with Foster. Id., at ¶¶ 104-105.
 {¶ 21} The record of this case demonstrates no such impropriety. Instead of indicating it relied upon the unconstitutional sentencing provisions, the trial court simply stated it had reviewed the "offense summary," the police report of the incident, and Montgomery's criminal record.
 {¶ 22} In view of the facts that Montgomery "followed the victim with a handgun in his hand and struck the victim in the forehead and fired about six gunshots," at least two of which struck her, injuring her both in the thigh and the hip, a prison sentence of more than the minimum term was "justified." The court found it appropriate to impose a term of four years for Montgomery's conviction of the second-degree offense of felonious assault.
 {¶ 23} Under these circumstances, this court finds no failure on the trial court's part to comply with the mandate of Foster.
 {¶ 24} Accordingly, Montgomery's second assignment of error also is overruled.
 {¶ 25} The trial court's orders that denied Montgomery's motion to withdraw his guilty plea and that imposed sentence are affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and Blackmon, J. Concur.