DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Freeman Carswell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(A)(2), a felony of the first degree; one count of felonious assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree; one count of attempted rape, in violation R.C. 2907.02(A)(2) and R.C. 2923.02, a felony of the second degree; and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. Appellant pled not guilty to all the charges.
 {¶ 3} On November 14, 2005, Appellant's case proceeded to trial before a jury. Both Appellant and the State subpoenaed Deborah Darnell for trial. The State rested its case without calling Ms. Darnell to testify. Appellant then called Ms. Darnell to testify on his behalf. Her testimony largely supported the State's case. Upon completion of Ms. Darnell's testimony, Appellant informed the court that he wanted to enter a guilty plea. The court then held a Crim.R. 11(C) hearing and Appellant entered a guilty plea to all charges. The trial court scheduled sentencing for December 15, 2005.
 {¶ 4} On December 15, 2005, Appellant filed a motion to vacate his guilty plea. In his motion he argued that his guilty plea should be vacated on the grounds that there had been a manifest injustice. The trial court held a hearing on Appellant's motion on December 15, 2005. The trial court entered judgment denying Appellant's motion to vacate his guilty plea on January 27, 2006 and scheduling sentencing for February 9, 2006.
 {¶ 5} On February 9, 2006, the trial court sentenced Appellant to nine years incarceration for the aggravated burglary conviction, three years incarceration for the felonious assault conviction, three years incarceration for the attempted rape conviction, and one year incarceration for the gross sexual imposition conviction. These sentences were to be served concurrently, for a total of nine years incarceration. Appellant timely appealed from the trial court's judgment, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION BY APPLYING THE WRONG STANDARD AND FAILING TO GRANT [APPELLANT'S] MOTION TO WITHDRAW HIS PLEA OF GUILTY PRIOR TO HIS SENTENCING."
 {¶ 6} In Appellant's first assignment of error, he presents two arguments: (1) the trial court abused its discretion in denying his motion to withdraw his guilty plea prior to sentencing because his plea was not entered knowingly, voluntarily and intelligently and (2) the trial court abused its discretion by applying the wrong standard in ruling on his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 7} Crim.R. 32.1, which governs motions to withdraw guilty pleas, states:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her guilty plea."
As set forth in the rule, the manifest injustice standard governs post-sentence plea withdrawals. However, where the motion to withdraw comes before sentencing, the trial court should freely and liberally grant the motion. State v. Xie (1992),62 Ohio St.3d 521, 527. Nonetheless,
"even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion." State v. Roark (Dec. 6, 2001), 8th Dist. No. 79203, at *2, quoting Xie, 62 Ohio St.3d at 526.
 {¶ 8} "A defendant's burden to supply a reasonable and legitimate basis for withdrawing a plea recognizes the state's interest in preserving guilty pleas." State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101, at *1. Furthermore, the determination of whether a "reasonable and legitimate basis" for the withdrawal of a plea exists also lies within the trial court's sound discretion. State v. Rosemark (1996), 116 Ohio App.3d 306, 308. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 9} A trial court does not abuse its discretion in denying a motion to withdraw a plea where three elements are met. Statev. Robinson, 9th Dist. No. 21583, 2004-Ohio-963, at ¶ 30. First, the defendant must have been represented by competent counsel; second the court must provide the defendant a full hearing prior to accepting the original guilty plea; and, finally, the court must provide a full hearing to the defendant, considering all the arguments in favor of withdrawal of his plea, before rendering a decision on the motion. Id.
 {¶ 10} In this case, Appellant first contends that he was not properly informed and did not enter his plea knowingly and intelligently. In support of this contention, he asserts that both his decision to plead guilty and his trial court strategy were "based in part on documents that were not provided to the Defense prior to the plea."
 {¶ 11} First, we note that the record reflects that the trial judge followed the strictures of Crim.R. 11(C) in order to ensure that Appellant's guilty plea was intelligent, voluntary and knowing. The court reviewed Appellant's charges and informed him of the possible sentences that could be imposed for a violation of each of the charges. The court additionally advised Appellant fully of the constitutional rights he was waiving by pleading guilty.[1] Thereafter, the trial court asked Appellant how he wished to plead to each count. Each time, Appellant replied "guilty." Upon review of the transcript, we find that Appellant was afforded a full hearing prior to accepting his guilty plea.
 {¶ 12} We find no merit in Appellant's contention that he did not enter his plea knowingly because he was not provided certain "documents" prior to his plea that would have impacted his decision to plead guilty. Within his discussion of this assignment of error, Appellant fails to specifically identify the "documents" that were allegedly not provided to him in discovery. Upon review of Appellant's "Statement of Facts," we presume that these "documents" refer to documents that Appellant alleges were "executed by the Defendant for the purpose of releasing funds to the witness that the State failed to call in its case in chief."
 {¶ 13} Shortly before trial, the State learned that Appellant made payments to Ms. Darnell while incarcerated for the within matter. The State rested its case without calling her as a witness. Appellant then called her to testify on his behalf and her testimony supported the State's case. The State did not cross-examine Ms. Darnell. After Ms. Darnell testified, Appellant decided to enter a guilty plea. The record reflects that Appellant was then afforded a full Crim.R. 11(C) hearing. Subsequently, the State informed Appellant's counsel that it had learned that Appellant made a few payments to Ms. Darnell prior to trial. On December 15, 2005 — one month after entering the plea — Appellant filed a motion to vacate the plea. In his motion, Appellant asserted that the State failed to timely produce discovery in accordance with Crim.R. 16 and that as a result, he did not receive the effective assistance of counsel and did not, therefore, enter the guilty plea voluntarily, knowingly or intelligently.
 {¶ 14} The trial court held a hearing on Appellant's motion on December 15, 2005 — the same day Appellant filed the motion.[2] At the hearing, Appellant argued that the State's failure to disclose documents that reflected that he had paid Ms. Darnell constituted a discovery violation and impacted his decision to plead guilty. Appellant contends that he would not have called this witness to the stand if the existence of these documents had been disclosed to him during discovery.
 {¶ 15} The State asserted that it did not have any documents that reflected that Appellant paid Ms. Darnell but had merely received information about these payments. The State explained that when it interviewed Ms. Darnell prior to trial, she was not cooperative and refused to talk with them. The State became concerned that Ms. Darnell would not provide favorable testimony and decided not to call her to the stand. Subsequently, the State checked Appellant's commissary accounts and discovered that each time Ms. Darnell came to visit Appellant in jail, he withdrew money from his commissary account. According to the State, there was no discovery violation because there were no documents to discover. The State had simply learned of these payments.
 {¶ 16} Appellant testified that he gave money to Ms. Darnell while he was incarcerated. He testified that he made these payments to her because he was fond of her. He then explained that he wanted Ms. Darnell to testify at trial because he thought her testimony "would have helped me as far as she knew what was going on, not that night, but during the course we was staying there."
 {¶ 17} The State's tactical decision not to call Ms. Darnell as a witness and its knowledge that Appellant paid Ms. Darnell prior to trial does not provide Appellant a legitimate basis for withdrawing his plea. The State is not obligated to call a witness to testify at trial merely because it subpoenaed the witness. Moreover, Appellant has failed to demonstrate how this alleged discovery violation prejudiced him. Appellant testified that he paid Ms. Darnell, he knew he had paid Ms. Darnell and that these payments were not related to the case. He also testified that the fact that he gave money to Ms. Darnell was not relevant to his decision to enter a guilty plea because he knew he was paying her. Appellant then stated that he decided to plead guilty because his attorney informed him that the State offered him nine years and recommended that he plead guilty in light of Ms. Darnell's damaging testimony.
 {¶ 18} Appellant cites Kadwell v. United States (C.A.9, 1963), 315 F.2d 667, in support of his contention that a pre-sentence motion to withdraw a guilty plea should be freely granted. However, Kadwell is factually distinguishable from the within matter. Unlike the within matter, the defendant inKadwell entered his guilty plea before trial had commenced and moved to withdraw the plea three days after entering it. Id. at 668. Here, Appellant entered his guilty plea after observing the State's case against him and sought to vacate his plea a month after entering it.
 {¶ 19} Under Appellant's reading of the law, defendants could enter a not guilty plea, proceed to trial and test the State's evidence, plead guilty, and then move to vacate the plea after strategizing how to refute the State's case in a subsequent trial. Such an application of the law would contravene the system of plea bargaining as it would greatly diminish the State's ability to preserve guilty pleas and put them at a distinct disadvantage in gaining convictions at trial. Consequently, we decline to adopt such a novel interpretation of the law.
 {¶ 20} Appellant additionally contends that the trial court erred because it held him to the higher standard of "manifest injustice" for a post-sentence motion to vacate a plea, rather than the "freely allowed" standard applicable to a pre-sentence motion. A review of Appellant's pre-sentence motion reveals thathe erroneously used the manifest injustice standard in asserting that the trial court should vacate his guilty plea. The trial court then also erroneously used this standard in ruling on Appellant's motion to vacate. As Appellant filed this motion prior to sentencing, the trial court should have applied the more liberal standard applicable to pre-sentence motions to withdraw pleas.
 {¶ 21} Under the invited error doctrine, a party is not "permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Bitter v.Missig (1995), 72 Ohio St.3d 249, 254. As Appellant first suggested this incorrect burden of proof in his motion to vacate his guilty plea, he cannot now complain about this error.
 {¶ 22} In this case, Appellant failed to demonstrate that he was prejudiced in any way by the trial court's error. Appellant has not set forth a legitimate basis for withdrawing his guilty plea. Furthermore, Appellant was afforded competent counsel, a full hearing prior to accepting the original guilty plea, and finally, a full hearing on his motion to vacate his guilty plea.Robinson, supra, at ¶ 30; State v. Grays (Oct. 26, 1989), 8th Dist. Nos. 56107 to 56110. Consequently, this Court finds that the trial court did not abuse its discretion by denying Appellant's motion to vacate his guilty plea. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE SUMMIT COUNTY PROSECUTORS [SIC] OFFICE'S POLICY OF `OPEN FILE DISCOVERY' IS UNDULY PREJUDICIAL AND IN VIOLATION OF OHIO RULE OF CRIMINAL PROCEDURE."
 {¶ 23} In his second assignment of error, Appellant contends that the Summit County Prosecutor's Office's policy of open file discovery is unduly prejudicial and violates the Ohio Rules of Criminal Procedure. More specifically, Appellant contends that he was prejudiced by the open file discovery policy because he did not obtain certain photographs and documents prior to trial.
 {¶ 24} When a defendant pleads guilty, he waives "any claimed flaw in the discovery procedure." State v. Bryant, 6th Dist. No. L-03-1359, 2005-Ohio-3352, quoting State v. Farley (May 5, 1999), 5th Dist. No. 98-CA-25. In light of our finding that the trial court did not err in denying Appellant's motion to vacate his guilty plea, we find that Appellant has waived his challenge to the discovery procedure. Accordingly, we need not address Appellant's second assignment of error and it is overruled.
 III. {¶ 25} Appellant's two assignments of error are overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, P.J., Carr, J. concur.
[1] Specifically, the court informed Appellant:
"If you enter into a guilty plea, there are certain rights that you give up. You have the right to have a trial in this matter. At that trial the State would have to prove each and every element of their case beyond a reasonable doubt. You have the right to confront the State's witnesses. You have the right to subpoena witnesses in on your behalf. You have the right to testify; however, no one can force you to testify or to incriminate yourself. You give up all of those rights, and the right of appeal, if you enter into guilty pleas to these charges today; do you understand that?
Appellant responded: "Yes, I understand."
[2] The trial court had set Appellant's sentencing hearing for December 15, 2005. The court received Appellant's motion to vacate shortly before the hearing.