JUDGMENT: AFFIRMED
{¶ 1} Defendant-appellant, Michael Larry, appeals the decision of the Cuyahoga County Court of Common Pleas to deny his presentence motion to withdraw his guilty plea. Finding no error in the proceedings below, we affirm.
 {¶ 2} Larry was charged in a five-count indictment alleging one count of aggravated robbery with firearm specifications, two counts of failure to comply with an order or signal of police, one count of theft, and one count of having weapons while under disability. Trial commenced, a jury was empaneled and sworn, and opening statements were completed when Larry informed the court that he would accept the plea offered by the state. Larry entered pleas of guilt to aggravated robbery with a one-year firearm specification, failure to comply with order or signal of police, and having weapons while under disability. The state nolled the remaining counts. Larry was referred to the probation department for a presentence investigation.
 {¶ 3} On the date of sentencing, new counsel for Larry filed a motion to withdraw his guilty plea. Larry alleged that he should be allowed to withdraw his plea for the following reasons:
 "1. His prior attorney did not fully communicate with him, which caused Defendant to not have a full understanding of his rights and options. "
 2. Defendant was unaware that he had pending motions to suppress which was not given a hearing prior to trial. "
 3. Defendant was unaware that his motion for preliminary hearing was still pending. "
 4. Defendant was unaware that his guilty plea would limit his right to appellate review of his pending motions, should this Court deny the motions."
 {¶ 4} Larry insisted his plea was not knowingly, intelligently, and voluntarily entered. The trial court had a hearing and inquired of Larry personally and then denied his motion to withdraw and sentenced him. Larry appeals, advancing one assignment of error for our review, which states as follows:
 {¶ 5} "The trial court abused its discretion by failing to conduct a full and fair hearing by denying a Criminal Rule 32.1 presentence motion to withdraw plea based on the trial court's failure to rule on his pretrial motions, failure to respond to issues listed in the written motion and failure to journalize its denial of the motion to withdraw plea."
 {¶ 6} Larry filed his motion to withdraw guilty plea pursuant to Crim.R. 32.1. Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 7} In State v. Xie (1992), 62 Ohio St.3d 521, 527, the Ohio Supreme Court explained the mandates of Crim.R. 32.1 as follows:
 "The rule requires a defendant to show that the proceeding during which he entered that plea was extraordinarily and fundamentally flawed. [A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."
 {¶ 8} The decision to grant or deny such motion is entirely within the trial court's discretion. Accordingly, we will not alter a trial court's decision absent a showing of an abuse of discretion. Xie, supra;State v. Peterseim (1980), 68 Ohio App.2d 211, at syllabus.
 {¶ 9} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Johnson, Cuyahoga App. No. 83350, 2004-Ohio-2012, citing Peterseim, supra.
 {¶ 10} Larry argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Larry claims he did know that he had pending motions and that his plea would preclude appellate review of these motions. In addition, he alleges the trial court did not conduct a full hearing. The state argues that the trial court heard and denied Larry's motions prior to trial and the trial court conducted a full and fair hearing on his motion to withdraw.
 {¶ 11} We note that on the record before us there is no indication that the trial court ruled on Larry's motions; nevertheless, when a trial court fails to issue a ruling on a pending motion, the appellate court generally presumes that the motions were overruled. Takacs v.Baldwin (1995), 106 Ohio App.3d 196, 209. We turn now to the issue of whether the trial court conducted an adequate hearing on Larry's motion to withdraw.
 {¶ 12} Prior to sentencing, the trial court addressed Larry's motion to withdraw his guilty plea. Larry's attorney addressed the court, reiterating what he had put in his written motion. The trial court then addressed Larry directly, asking him if he understood what he was doing when he entered his plea of guilt. The court asked him if he wanted to go to trial, to which Larry indicated that he did not want to go to trial, rather, he had a complaint about his previous attorney. Larry explained that his attorney did not tell him what was happening after each pretrial. The trial court asked him whether he understood what he was doing when he pled guilty, and Larry stated, "Yes, your Honor." The court stated, "So now you're saying you didn't understand; is that right?" Larry responded, "Your Honor, no, it's not — it wasn't that, your Honor."
 {¶ 13} In this case the record reflects that Larry's attorney was present when he entered his plea on November 3, 2005. The record indicates that Larry was able to confer with his attorney, as well as his mother, before entering his plea of guilt. Additionally, it is clear from the record that the trial court adhered to the requirements of Crim.R. 11(C), and advised Larry of the rights he would be waiving upon entering a plea of guilt. The transcript demonstrates that Larry understood what he was doing; he denied there were any threats or promises made to induce his plea; and he understood the constitutional rights he was waiving. In addition, Larry decided to plead guilty in the midst of trial. The jury had already been empaneled and sworn, and both sides had already completed opening statements when Larry accepted the plea agreement.
 {¶ 14} In State v. Montgomery, Cuyahoga App. No. 87246,2006-Ohio-3850, P14-P18 this court stated:
 "In a case in which the record reflects the defendant made his decision to enter a guilty plea at the time his case had been called for trial, with the parties fully prepared to go forward, the jury about to be chosen, and the witnesses present, the trial court certainly acts within its discretion to include this circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea.
 "The trial court in this case simply decided Montgomery's new claim of innocence, in view of the fact that he originally made his decision to enter a guilty plea at his `moment of truth,' lacked credibility. Absent a reasonable and legitimate basis, therefore, for Montgomery's request to withdraw his plea, the trial court did not abuse its discretion in denying his motion. State v. Martinez, Cuyahoga App. Nos. 85523, 85524, 86468, 2006-Ohio-1331; State v. Robinson (Mar. 21, 1991), Cuyahoga App. No. 58181, 1991 Ohio App. LEXIS 1200."
 {¶ 15} It is clear from the record that the trial court took into consideration the fact that trial had commenced, a jury was empaneled, and opening statements were completed when Larry decided to accept the plea. The frustration of the court was evident; nevertheless, the trial court still entertained the motion to withdraw as is required. Upon our review, the record demonstrates that the trial court complied with the mandates of Crim.R. 11(C) for the plea and with Crim.R. 32.1 for the motion to withdraw, and determined that Larry had failed to produce sufficient evidence that he had a reasonable and legitimate basis for the withdrawal of his plea. "A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." State v. Johnson, Cuyahoga App. No. 83350,2004-Ohio-2012, citing State v. Lambros (1988), 44 Ohio App.3d 102, 103. Accordingly, we find that the trial court did not abuse its discretion in denying Larry's motion to withdraw his guilty plea.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR.