JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Eric Jones appeals from the trial court order that denied his presentence motion to withdraw his guilty pleas to charges of carrying a concealed weapon, marijuana trafficking with a one-year firearm specification, failure to comply with the signal or order of a police officer, and aggravated vehicular assault.
 {¶ 2} Jones presents one assignment of error in which he asserts the trial court abused its discretion in denying his motion. This court disagrees. Consequently, Jones' convictions are affirmed. *Page 2 
 {¶ 3} Jones originally was indicted in this case in September 2006 on fourteen counts, i.e., one count of carrying a concealed weapon, one count of possession of marijuana in an amount between two hundred to one thousand grams, one count of trafficking in that same amount of marijuana, one count of soliciting, one count of possession of criminal tools, two counts of failure to comply with the signal or order of a police officer, and seven counts of aggravated vehicular assault. Of the fourteen, eleven counts additionally contained a one-year firearm specification.
 {¶ 4} Jones pleaded not guilty to the charges. Several pretrial hearings were conducted; the court eventually set the case for trial on February 8, 2007. On that day, after the jury was empaneled and sworn, the parties informed the court that they had reached a plea agreement. By its terms, Jones would enter guilty pleas to five of the counts, three of which were amended in his favor, and the state would also dismiss the remaining charges.
 {¶ 5} According to the prosecutor, Jones agreed to plead guilty to carrying a concealed weapon, trafficking in marijuana with a firearm specification, failure to comply, and two counts of aggravated vehicular assault; each of the latter now pertained to more than one victim. On the record, the court, the prosecutor, and defense counsel thereupon discussed the potential penalties involved, including restitution to the victims, forfeiture of contraband, and terms of postrelease control. *Page 3 
 {¶ 6} The court then proceeded to conduct a careful and thorough Crim.R. 11(C) colloquy with Jones. The court concluded the exchange by asking Jones the following separate queries: 1) if he had any questions; 2) was he entering his plea of his own free will; 3) was he being "forced into this"; and, 4) was he "sure." Only after being satisfied that Jones fully intended to enter pleas of guilty to the amended charges did the court accept his pleas.
 {¶ 7} The trial court, however, at that point realized that in outlining the maximum penalties involved, it had failed to reiterate that victim restitution would be a part of his sentence. The court asked Jones, now that he was notified of this additional requirement, if he wished to change any of the pleas he had just entered. Jones responded, "No, your Honor." The court proceeded to find Jones guilty of the charges and ordered the preparation of a presentence report.
 {¶ 8} A few days prior to the date set for the sentencing hearing, Jones filed a motion to withdraw his pleas, asserting that he felt "pressured" to enter them. Thus, when the case was called, the trial court first considered Jones' motion.
 {¶ 9} The court listened to the arguments put forward. The court then commented that Jones received a longer time between the plea and the sentencing than was usual, that his case already had proceeded to trial by the time he entered his pleas, that defense counsel seemed fully prepared, and that Jones received a full *Page 4 
Crim.R. 11 colloquy before his pleas were accepted. Under all these circumstances, Jones motion to withdraw those pleas was denied.
 {¶ 10} The trial court ultimately sentenced Jones to a total term of incarceration of twenty-four months. Jones now challenges his convictions with one assignment of error.
 {¶ 11} "I. The trial court abused its discretion in denying theAppellant's motion to withdraw guilty plea [sic]."
 {¶ 12} Jones essentially argues that the trial court lacked an adequate basis for denying his motion. The record, however, does not support his argument.
 {¶ 13} Jones filed his motion pursuant to Crim.R. 32.1. With regard to a plea withdrawal motion made prior to sentencing, the standard of appellate review is limited to a determination of whether the trial court abused its discretion. State v. Xie (1992), 62 Ohio St.3d 521.
 {¶ 14} In State v. Peterseim (1980), 68 Ohio App.2d 211, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea. No abuse of discretion occurs in a case where: the accused was afforded a full Crim.R. 11 plea hearing at which he was represented by highly competent counsel; and, further, the accused was given a complete and impartial hearing on the motion, where the record reflects the court gave full and fair consideration to his request. Id., at headnote three. A review of *Page 5 
the record in this case, as set forth above, demonstrates the trial court fully complied with the foregoing criteria.
 {¶ 15} "This court would add one additional criteria to thePeterseim standard. In a case in which the record reflects the defendant made his decision to enter a guilty plea at the time his case had been called for trial, with the parties fully prepared to go forward, the jury * * * chosen, and the witnesses present, the trial court certainly acts within its discretion to include this circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea." State v. Montgomery, Cuyahoga App. No. 87246,2006-Ohio-3850, ¶ 16.
 {¶ 16} The trial court in this case, after reviewing the circumstances, simply determined Jones' claim of feeling "pressured," in view of the fact that he originally made his decision to enter a guilty plea at his "moment of truth," lacked credibility. The trial court's determination finds corroboration in both the docket, which reflects that at least eight pretrial hearings were conducted prior to the entry of Jones' plea, and the advantageous nature of Jones' plea agreement itself. Absent a reasonable and legitimate basis, therefore, for Jones' request to withdraw his plea, the trial court did not abuse its discretion in denying his motion. Id., ¶ 17; State v. Martinez, Cuyahoga App. Nos. 85523, 85524, 86468, 2006-Ohio-1331; State v. Adams (Mar. 3, 1994), Cuyahoga App. Nos. 64759, 64760.
 {¶ 17} Accordingly, Jones' assignment of error is overruled. *Page 6 
 {¶ 18} The trial court's order is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1