{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Charles Jackson, pleaded guilty to possession of cocaine near the end of a two-day jury trial in the Belmont County Court of Common Pleas. He later moved to withdraw that plea prior to sentencing and now appeals the trial court's decision which denied that presentence motion. On appeal, Jackson argues that his guilty plea was not knowing, intelligent, and voluntary because he waived the right to appeal pretrial rulings and received nothing in return. According to Jackson, he would have been better served if he had just allowed the jury to find him guilty. However, Jackson did not introduce any evidence showing that he was unaware that he would be waiving those rights and the State would be greatly prejudiced if Jackson was allowed to withdraw his plea after seeing all the evidence the State had to present against him. Accordingly, the trial court did not abuse its discretion when denying Jackson's motion and its decision is affirmed.
 {¶ 2} In the early hours of February 26, 2005, an attendant at a gas station reported that two men in a vehicle were acting suspiciously in a car wash parking lot across the street from a gas station. Officers from the Martins Ferry police department investigated. While on the scene, one of the officers recognized that there was an arrest warrant outstanding on the vehicle's passenger. While that man was being arrested, a canine unit appeared on the scene and detected contraband in the vehicle. A warrantless search was conducted and the officers discovered cocaine in the vehicle's center console. The vehicle's owner, Jackson, was then arrested for possession of a controlled substance.
 {¶ 3} Jackson moved to suppress all evidence recovered from the vehicle, but the trial court denied that motion on March 1, 2006. The matter proceeded to a jury trial, where Jackson testified in his own defense. On the second day of trial, the State indicated that it intended to call rebuttal witnesses. After hearing about these witnesses, Jackson decided to plead guilty to the charged offense. The matter was then scheduled for a sentencing hearing.
 {¶ 4} Prior to sentencing, Jackson obtained new counsel and moved to withdraw *Page 3 
his guilty plea. He claimed that he did not know that he would waive his right to appeal the denial of his motion to suppress by pleading guilty. Since his plea was not the result of a negotiation, he argued that it was clearly a mistake which should be withdrawn. At a hearing on this motion, Jackson did not introduce any evidence supporting these claims. The trial court denied the motion. Jackson was later sentenced to three months incarceration in the Belmont County Justice Center and an additional four months in the Eastern Ohio Correction Center.
 {¶ 5} In his sole assignment of error, Jackson argues:
 {¶ 6} "The trial court abused its discretion in denying Defendant-Appellant's motion to withdraw his plea of guilty."
 {¶ 7} Crim. R. 32.1 allows a criminal defendant to move to withdraw a guilty plea before a sentence is imposed upon him. Motions to withdraw a guilty plea before sentencing "should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, he is only entitled to withdraw his plea when "there is a reasonable and legitimate basis for the withdrawal of the plea." Id.
 {¶ 8} We have previously said that "the factors that are weighed in considering a pre-sentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by withdrawal, (2) the representation afforded to the defendant by counsel, (3) the extent of the Crim. R. 11 plea hearing, (4) the extent of the hearing on the motion to withdraw, (5) whether the trial court gave full and fair consideration to the motion, (6) whether the timing of the motion was reasonable, (7) the reasons for the motion, (8) whether the defendant understood the nature of the charges and potential sentences, (9) whether the accused was perhaps not guilty or had a complete defense to the charge." State v. Cuthbertson, 139 Ohio App.3d 895, 898-899,2000-Ohio-2638. No one of these factors is conclusive. Id. at 899. When looking at the ninth factor, "the trial judge must determine whether the claim of innocence is anything more than the defendant's change of heart about the plea agreement." State v. Kramer, 7th Dist. No. 01-C.A.-107, 2002-Ohio-4176, ¶ 58. *Page 4 
 {¶ 9} "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."Xie at paragraph two of the syllabus. The trial court abuses that discretion when its ruling is "unreasonable, arbitrary or unconscionable," which is "more than an error of judgment." Id. at 527.
 {¶ 10} In this case, Jackson argues the record shows that his guilty plea was not knowing, intelligent, and voluntary because he did not obtain any advantage by pleading guilty, since his guilty plea was not the result of a plea bargain, and he actually suffered, since he unknowingly lost his ability to appeal the denial of his suppression motion.
 {¶ 11} Jackson's description of his predicament is accurate. The trial had been proceeding for two days and the only testimony left was the testimony of rebuttal witnesses. After hearing about the rebuttal witnesses, Jackson decided to plead guilty. The State did not offer him anything in exchange for the plea. If Jackson had just let the trial finish, he could appeal the trial court's decision on the pretrial motions. Instead, his guilty plea prevents him from making those arguments, without getting anything in return for giving up those rights. See State v. McGhee, 7th Dist. No. 04 JE 11, 2005-Ohio-1334, at ¶ 29. In contrast, if Jackson had decided to plead no contest, rather than guilty, he would still have been able to raise those arguments. SeeDefiance v. Kretz (1991), 60 Ohio St.3d 1, 5.
 {¶ 12} Jackson's claim that he did not know the consequences of pleading guilty, rather than no contest, is not supported by any evidence, but is consistent with the record. Jackson did not present testimony or any other form of evidence at his motion to withdraw his guilty plea in support of the factual claim that he was not informed that a guilty plea would waive the right to contest the denial of his suppression motion. However, there is no apparent reason why Jackson would have pleaded guilty, rather than no contest, in this situation if he had known the consequences of those pleas.
 {¶ 13} Jackson's argument suggests that the trial court is somehow at fault for not ensuring that Jackson understood the distinction between a guilty and no contest plea. However, when a trial court is deciding whether to accept a guilty plea, it is only required to comply with Crim. R. 11. State v. Nero (1990), 56 Ohio St.3d 106. The list of rights of which a defendant must be informed when pleading guilty in Crim. R. 11 does not include *Page 5 
the right to contest pretrial rulings. State v. Kidd, 12th Dist. No. 2001-11-021, 2002-Ohio-6394, at ¶ 29. Accordingly, a trial court is not required to inform the accused and determine that he understands the effect of a no contest plea when the defendant has agreed to enter a guilty plea. Id.
 {¶ 14} When we apply the facts of this case to the factors listed inCuthbertson, it is apparent that there are factors on each side of the ledger. In Jackson's favor are the reasons for the motion, the effectiveness of Jackson's counsel in regard to allowing him to plead guilty rather than no contest, the timing of the motion, and whether Jackson may not have been actually guilty of the offense. In contrast, the trial court conducted a proper Crim. R. 11 hearing when accepting Jackson's plea, held a full hearing on the motion to withdraw, gave full and fair consideration to the motion, and there is no suggestion that Jackson did not understand the nature of the charges and potential sentences.
 {¶ 15} Finally, it is reasonable to believe that the State will be prejudiced if Jackson is allowed to withdraw his plea. Jackson did plead guilty after two days of trial, giving him an opportunity to see all that the State had to offer against him, including the demeanor of the various witnesses. This could put the State at a disadvantage if the case proceeded to a new trial. For instance, knowing the State's rebuttal witness, Jackson could try to defend his case differently than he did the first time. Furthermore, the State will bear the burden of the expense of a second jury trial if Jackson is allowed to withdraw his guilty plea.
 {¶ 16} The relevant issues in this case can be summarized in the following way: presentence motions to withdraw guilty pleas should be freely given and Jackson made an apparently ill-advised mistake by pleading guilty, rather than no contest, to the charge, but withdrawing the plea in this case would prejudice the State if Jackson does not, in fact, plead no contest to the charges.
 {¶ 17} In the past, courts have not looked kindly upon defendants who wish to withdraw a guilty plea entered into after trial has begun. For example, in State v. Larry, 8th Dist. No. 87534, 2006-Ohio-6578, at ¶ 15, the defendant pleaded guilty after "trial had commenced, a jury was empaneled, and opening statements were completed." The defendant argued that he wanted to withdraw his plea, in part, because he "was unaware *Page 6 
that his guilty plea would limit his right to appellate review of his pending motions." Id. at ¶ 3. The trial court denied the motion to withdraw the guilty plea and the Eighth District affirmed, criticizing both the timing of the plea and the lack of evidence supporting the reasons to withdraw the plea. Id. at ¶ 15.
 {¶ 18} In State v. Carswell, 9th Dist. No. 23119, 2006-Ohio-5210, a defendant pleaded guilty after the State had begun to present its case at trial. He then moved to withdraw his plea and the trial court denied that motion. On appeal, the Ninth District strongly stated why the State would be prejudiced by the withdrawal.
 {¶ 19} "Under Appellant's reading of the law, defendants could enter a not guilty plea, proceed to trial and test the State's evidence, plead guilty, and then move to vacate the plea after strategizing how to refute the State's case in a subsequent trial. Such an application of the law would contravene the system of plea bargaining as it would greatly diminish the State's ability to preserve guilty pleas and put them at a distinct disadvantage in gaining convictions at trial. Consequently, we decline to adopt such a novel interpretation of the law." Id. at ¶ 19.
 {¶ 20} Jackson's reason for wanting to withdraw his guilty plea in this case is similar to the reason given in Larry and, like the defendant in Larry, Jackson has not provided any evidence to support that reason. Furthermore, the potential prejudice to the State in this case is even more than in Carswell, since the trial had proceeded even further in this case. For these reasons, the trial court did not abuse its discretion when it denied Jackson's motion to withdraw his guilty plea.
 {¶ 21} Jackson's sole assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1