[Cite as *State v. Walker*, 2011-Ohio-3979.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95701**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT C. WALKER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-529861

**BEFORE:** Rocco, J., Kilbane, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

-i-

**ATTORNEY FOR APPELLANT**

Thomas E. Conway
75 Public Square, Suite 700
Cleveland, Ohio 44113

**APPELLANT**

Robert C. Walker
Inmate No. 591-286
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kevin R. Filiatraut
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1}   Defendant-appellant Robert C. Walker appeals from the trial court order that denied his presentence motion to withdraw his guilty pleas in CR-529861 to five

counts, viz., kidnapping, three counts of rape with sexually violent predator specifications ("SVPs"), and attempted sexual battery.[1]

**{¶ 2}** Walker presents one assignment of error in which he asserts the trial court abused its discretion in denying his motion. This court disagrees. Consequently, Walker's convictions are affirmed.

**{¶ 3}** Walker originally was indicted in this case in October 2009 on 24 counts, i.e., one count of kidnapping, seven counts of forcible rape, one count of sexual battery, seven counts of unlawful sexual conduct with a minor, four counts of gross sexual imposition, two counts of attempted sexual battery, and two counts of attempted unlawful sexual conduct with a minor. Many of the counts additionally contained a notice of prior conviction ("NPC"), a repeat violent offender specification ("RVO") and an SVP. The victims were four young women, two of whom were Walker's natural daughters.

**{¶ 4}** Walker pleaded not guilty to the charges. At a pretrial hearing conducted in September 2009, Walker requested that the trial court dismiss his appointed attorney. The court granted Walker's request.

**{¶ 5}** Walker subsequently was unable to retain his own attorney; therefore, in December 2009, the trial court assigned a second attorney to represent Walker.

---

[1]Walker purports also to appeal from his convictions in CR-925538, but did not designate that case in his notice of appeal; therefore, that case is not before this court. App.R. 4(A) and 12(A)(1)(a).

However, the record demonstrates Walker soon had differences with his newly-assigned counsel.

{¶ 6} In April 2010, Walker requested a referral to the court's psychiatric clinic for an evaluation. The trial court granted his request. The court also granted the second attorney's motion to withdraw from Walker's representation, and assigned the public defender's office to Walker's case. In May, the parties stipulated to the court psychiatrist's determination that Walker was competent to stand trial.

{¶ 7} On August 9, 2010, the day the case was set for trial, the parties notified the court that the state had made a plea offer to Walker. In exchange for his guilty pleas to one count of kidnapping, amended to delete all the specifications, three counts of rape with SVPs, amended to delete the NPCs and RVOs, and one count of attempted sexual battery, amended to delete the SVP, the state would dismiss the remaining counts.

{¶ 8} The prosecutor outlined the potential penalties involved for the amended offenses. The kidnapping count, as a first-degree felony, carried a potential sentence of three to ten years. Pursuant to R.C. 2971.03(A)(3)(d)(ii), the rape counts each carried a term of ten years to life in prison. The last count, as a fourth-degree felony, entailed a sentence of six to eighteen months.

{¶ 9} The prosecutor indicated he had "discussed the possibility of an agreed recommended sentence to this court of 15 years to life," but defense counsel told him that Walker preferred to "leave it to the court's discretion [in] sentencing."

{¶ 10} The trial court clarified, "In other words, there's no agreed sentence?" The prosecutor affirmed that "[t]here [wa]s none."

{¶ 11} The trial court proceeded to repeat the offenses to which Walker would be pleading guilty, along with the maximum potential penalties involved for each offense. After explaining the applicable postrelease control, registration, and notification requirements, the trial court reminded Walker that any sentence also could be "imposed consecutively in this [case], or concurrently."

{¶ 12} At that point, defense counsel informed the court that Walker wished to raise two issues of concern to him; Walker thought his speedy trial rights were violated and the indictment was defective. Both issues were considered at length, then rejected by the trial court.

{¶ 13} The court then proceeded to conduct a careful and thorough Crim.R. 11(C) colloquy with Walker. The court concluded the exchange by asking Walker, as to each amended count, what his plea was. Thus, it was only after being satisfied that Walker fully understood that he could have halted the plea hearing, there was "no agreed sentence," and the court would make its decision after it heard from the victims, that the court accepted his pleas.

{¶ 14} The court scheduled the sentencing hearing for August 12, 2010.

{¶ 15} The sentencing hearing actually took place on August 13, 2010; the trial court noted it had been postponed because Walker "took a little visit to the hospital," but

the court had been assured he was now well. Defense counsel immediately informed the court that, as evidenced by his pro se motion filed with the court, Walker wanted to withdraw his pleas.

{¶ 16} Defense counsel indicated that the basis for the motion was that Walker had "some mental health issues that have come to light in the last couple of days." According to Walker's written motion, Walker believed the plea agreement had been breached because he had been promised an agreed sentence. Defense counsel noted for the record that Walker was "seeing a psychiatrist" and had been placed "on the mental health pod" of the jail.

{¶ 17} The trial court, therefore, listened to the arguments put forward, then informed Walker that his motion was denied. The court stated that the parties had been "working on this case for many, many months," that Walker had been referred for psychiatric evaluation, and that Walker entered his pleas "knowingly, voluntarily and with a full understanding of his rights."

{¶ 18} The trial court ultimately sentenced Walker to concurrent terms that totaled 16 years to life in prison.[2] Walker now challenges his convictions with one assignment of error.

---

[2]The record reflects the trial court misspoke at sentencing in stating that the "15 years to life" sentences for Walker's rape convictions constituted the "mandatory minimum" terms for those convictions. The prosecutor correctly stated at Walker's plea hearing that R.C. 2971.03(A)(3)(d)(ii) applied, making the mandatory minimum term for those convictions ten years to life in prison. The trial court

**"I. The trial court erred when it failed to hold a complete and impartial hearing on Appellant's motion to withdraw his guilty pleas in case numbers CR525538 and CR529861 and then refused to allow Appellant to withdraw said guilty pleas."[3]**

{¶ 19} Walker essentially argues that the trial court, in denying his motion, failed to conduct a full hearing and to fully consider all the circumstances surrounding his decision to enter his guilty pleas. The record, however, does not support his argument.

{¶ 20} Walker filed his motion pursuant to Crim.R. 32.1. With regard to a plea withdrawal motion made prior to sentencing, the standard of appellate review is limited to a determination of whether the trial court abused its discretion. *State v. Xie* (1992), 62 Ohio St.3d 521 584 N.E.2d 715.

{¶ 21} In *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea. No abuse of discretion occurs in a case where: the accused was afforded a full Crim.R. 11 plea hearing at which he was represented by highly competent counsel; and, further, the accused was given a complete and impartial hearing on the motion, where the record reflects the court gave

imposed a sentence upon Walker that was within statutory limits and its discretion pursuant to *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

[3]See fn.1.

full and fair consideration to his request. Id. A review of the record in this case, as set forth above, demonstrates the trial court complied with the foregoing criteria.

{¶ 22} Moreover, this court added an additional criteria to the *Peterseim* standard. In a case in which the record reflects the defendant made his decision to enter a guilty plea when his case had been pending for a considerable amount of time and the parties were at a point at which they were fully prepared to go forward to trial, the "court certainly acts within its discretion to include [such a] circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea." *State v. Montgomery*, Cuyahoga App. No. 87246, 2006-Ohio-3850, ¶16. It is the moment of truth that focuses the mind.

{¶ 23} From a review of the record, it is clear that the trial court, after considering the circumstances, simply determined Walker's claims of mental illness and belief that he had an agreed sentence lacked credibility. Walker's decision to enter his guilty pleas were made after his case had been pending for nearly a year, he had been advised by three different attorneys, and he had been evaluated and found competent by the court's psychiatric clinic. See, e.g., *State v. Moore*, Columbiana App. No. 06 CO 74, 2008-Ohio-1039. The trial court's determination finds corroboration in both the record and the advantageous nature of Walker's plea agreement itself.

{¶ 24} The trial court gave Walker a full and fair consideration of his motion to withdraw his pleas. Walker apparently simply had a change of heart. Absent a

reasonable and legitimate basis for Walker's request, the trial court did not abuse its discretion in denying his motion.  *Montgomery*, ¶17; *Moore*, ¶13.

{¶ 25} Accordingly, Walker's assignment of error is overruled.

{¶ 26} The trial court's order, and Walker's convictions, are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY EILEEN KILBANE, A.J., and
MARY J. BOYLE, J. CONCUR