[Cite as *State v. Alt*, 2011-Ohio-5393.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96289**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SUSAN ALT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527674

**BEFORE:** Keough, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 20, 2011

**ATTORNEY FOR APPELLANT**

Richard M. Kerger
Kerger & Hartman, LLC
33 S. Michigan Street
Suite 100
Toledo, OH 43604

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY: Edward H. Kraus
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Susan Alt, appeals the trial court's judgment denying her motion to withdraw her plea. Finding no merit to the appeal, we affirm.

I

{¶ 2} In August 2009, Alt was charged in a 96-count indictment stemming from a sophisticated mortgage fraud scheme that enabled Alt to steal over three million dollars. Alt pleaded not guilty. Exhaustive discovery and numerous pretrials ensued, and the trial date was reset several times.

{¶ 3} On July 6, 2010, two weeks prior to trial, Alt pleaded guilty to 31 counts of the indictment; the remaining counts were nolled. As part of the agreement, Alt agreed to forfeit two million dollars. The record reflects that she never made any of the agreed-upon payments.

{¶ 4} In November 2010, at Alt's request, sentencing was reset to December 16, 2010. But on December 2, 2010, two weeks before sentencing, Alt filed a motion to withdraw her guilty plea, asserting that her plea should be vacated because she "did not fully understand all of the ramifications of her plea" and "maintains her innocence and has a defense to the charges." She subsequently filed a supplement to her motion in which she argued that presentence motions to withdraw, although discretionary with the trial judge, "should almost always be granted."

{¶ 5} Alt did not appear for sentencing on December 16, 2010 and the trial court issued a capias. On December 20, 2010, after a hearing at which Alt appeared, the trial court denied Alt's motion to withdraw her guilty plea. The court then sentenced her to nine years incarceration on Count 1 of the indictment (engaging in a pattern of corrupt activity), and two years on the remaining counts to which she had pleaded guilty, all counts to run concurrent. The court also advised Alt that she would be subject to five years mandatory postrelease control.

{¶ 6} On appeal, Alt contends that the trial court erred in denying her motion to withdraw her plea.

II

**{¶ 7}** "Crim.R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing. A defendant who so moves, however, does not have an absolute right to have his guilty plea withdrawn. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for

**{¶ 8}** withdrawal of the plea. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny the motion is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Id." *State v. Hurst*, Cuyahoga App. No. 89297, 2007-Ohio-6326, ¶4. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. *State v. Benjamin*, Cuyahoga App. No. 85071, 2005-Ohio-2322.

**{¶ 9}** In *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, this court set forth the standard for determining whether the trial court has abused its discretion in denying a presentence motion to withdraw a plea:

**{¶ 10}** "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." Id. at paragraph three of the syllabus.

{¶ 11} In *State v. Montgomery*, Cuyahoga App. No. 87246, 2006-Ohio-3850, this court added another criteria to the *Peterseim* standard. "In a case in which the record reflects the defendant made his decision to enter a guilty plea when his case had been pending for a considerable amount of time and the parties were at a point at which they were fully prepared to go forward to trial, the 'court certainly acts within its discretion to include this circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea.'" *State v. Walker*, Cuyahoga App. No. 95701, 2011-Ohio-3979, ¶22, quoting *Montgomery* at ¶16.

{¶ 12} A review of the record in this case demonstrates the trial court fully complied with the *Peterseim* criteria. Alt was represented by competent counsel and informed the trial judge during her plea hearing that she was satisfied with her lawyer. Further, our review of the transcript demonstrates that Alt was afforded a complete Crim.R. 11 hearing before she entered her guilty plea. The trial judge informed Alt of the constitutional rights she was waiving and made sure she understood them. Further, the judge informed Alt of the charges and potential penalties upon pleading guilty, which she indicated she understood. The judge also informed Alt that she would be subject to five years mandatory postrelease control. Finally, the judge informed Alt that upon acceptance of her guilty plea, the court could proceed immediately to sentencing, which Alt again indicated that she understood. The record overwhelmingly demonstrates that Alt understood the ramifications of her plea and that it was made knowingly, voluntarily, and intelligently.

{¶ 13} We also find that the trial court afforded Alt a full hearing on her motion to withdraw. The record reflects that the court held a lengthy hearing at which defense counsel argued why Alt should be allowed to withdraw her plea. The trial court considered the State's objections to the motion and, after full and fair consideration, denied Alt's motion. The trial court stated that it was denying the motion because Alt had indeed understood the ramifications of her plea and her motion was nothing more than a delay tactic.

{¶ 14} We agree with the trial court that Alt's motion was simply a stall tactic. When Alt pled guilty in July, sentencing was set for November in order to give her sufficient time to procure the two million dollars she had agreed to forfeit. The sentencing date was subsequently continued at Alt's request to give her even more time to obtain the forfeiture monies. Alt never obtained the monies, but then two weeks prior to sentencing, and five months after her plea, she filed her motion to withdraw the plea. The timing clearly demonstrates that the motion was made to stall the sentencing; Alt did not have the money she had agreed to forfeit and knew she was going to prison.

{¶ 15} Furthermore, when Alt pled guilty in July, her case had been pending for nearly a year and the parties were prepared to go to trial in two weeks. In view of the fact that Alt pled guilty when trial was imminent, the trial court reasonably concluded that her new claim of innocence, some five months after her plea and two weeks before sentencing, lacked credibility. *Montgomery*, supra at ¶17. Absent a reasonable and

legitimate basis to withdraw the plea, the trial court did not abuse its discretion in denying Alt's motion.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR