[Cite as *State v. Pitra*, 2011-Ohio-6165.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96593**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAKUB PITRA

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-539302

**BEFORE:** Keough, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 1, 2011

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen
3552 Severn Road
Suite 613
Cleveland Heights, OH 44118

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
John P. Colan
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   Defendant-appellant, Jakub Pitra, appeals the trial court's judgment denying his motion to withdraw his plea.   Finding no merit to the appeal, we affirm.

I

{¶ 2}   In July 2010, Pitra was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), and one count of theft in violation of R.C. 2913.02(A)(1).   Pitra pleaded not guilty.   Discovery proceeded and the trial date was reset several times.

{¶ 3} On December 13, 2010, immediately prior to trial, Pitra pleaded guilty to an amended count of breaking and entering, and the remaining count was nolled. Sentencing was set for January 10, 2011.

{¶ 4} On January 7, 2011, three days before sentencing, Pitra filed a motion to withdraw his guilty plea. In his motion, Pitra asserted that his plea should be vacated because he had recently learned of a witness in North Carolina who would testify that the victim was a drug dealer and that Pitra's handprint was found in the victim's apartment because Pitra had purchased drugs from the victim.

{¶ 5} The trial court subsequently continued sentencing to January 20, 2011. On that day, prior to sentencing, defense counsel informed the judge that Pitra wished to withdraw his plea. The trial judge told counsel that he would not conduct a hearing on Pitra's motion that day because the prosecutor was not present. Accordingly, the trial court continued the hearing until February 3, 2011. Subsequently, at the request of Pitra's counsel, the hearing on Pitra's motion and sentencing was again continued to February 18, 2011. When Pitra did not appear on February 18, 2011, the trial court revoked his bond, issued a warrant for his arrest, and continued the hearing to February 25, 2011.

{¶ 6} The record reflects that on February 25, 2011, the trial court heard argument regarding Pitra's motion to withdraw his plea. Defense counsel argued that the motion should be granted because after entering his plea, Pitra had informed counsel that he had

found a witness in North Carolina who would testify that the victim was a drug dealer. In response, the prosecutor argued that Pitra's plea should stand.

{¶ 7} The trial court denied Pitra's motion to withdraw his plea and, in light of Pitra's criminal record and failure to respond to previously-imposed community control sanctions, sentenced him to ten months in prison. The court also advised Pitra regarding postrelease control and imposed a fine of $1,380.

{¶ 8} On appeal, Pitra raises two assignments of error. He contends that the trial court erred in denying his motion to withdraw his plea, and that the trial court did not conduct the required hearing regarding his motion.

II

{¶ 9} "Crim.R. 32.1 provides that a defendant may move to withdraw his guilty plea prior to sentencing. A defendant who so moves, however, does not have an absolute right to have his guilty plea withdrawn. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for withdrawal of the plea. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. The decision to grant or deny the motion is within the trial court's discretion and will not be disturbed absent a finding of an abuse of discretion. Id." *State v. Hurst*, Cuyahoga App. No. 89297, 2007-Ohio-6326, ¶4. A mere change of heart is insufficient grounds for the withdrawal of a guilty plea prior to sentencing. *State v. Benjamin*, Cuyahoga App. No. 85071, 2005-Ohio-2322.

{¶ 10} In *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, this court set forth the standard for determining whether the trial court abused its discretion in denying a presentence motion to withdraw a plea:

{¶ 11} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." Id. at paragraph three of the syllabus.

{¶ 12} In *State v. Montgomery*, Cuyahoga App. No. 87246, 2006-Ohio-3850, this court added another criteria to the *Peterseim* standard. "In a case in which the record reflects the defendant made his decision to enter a guilty plea at the time his case had been called for trial, with the parties fully prepared to go forward, the jury about to be chosen, and the witnesses present, the trial court certainly acts within its discretion to include this circumstance in its subsequent consideration of the genuineness of the defendant's motion to withdraw his guilty plea." Id. at ¶16. See, also, *State v. Walker*, Cuyahoga App. No. 95701, 2011-Ohio-3979, ¶22.

{¶ 13} A review of the record in this case demonstrates the trial court fully complied with the *Peterseim* criteria. Pitra was represented by competent counsel

throughout the proceedings and informed the court at the plea hearing that he was satisfied with his counsel.

{¶ 14} Further, the transcript demonstrates that Pitra was afforded a complete Crim.R. 11 hearing before he entered his guilty plea. The record reflects that the trial judge informed Pitra of the constitutional rights he was waiving and made sure he understood them. The judge also informed Pitra of the charges and the potential penalties upon pleading guilty, which he indicated he understood. The judge also informed Pitra of postrelease control and the penalties for violating postrelease control. Pitra told the judge that he understood everything that had been explained to him and that he was making the plea freely and voluntarily. The record is clear that Pitra understood the ramifications of his plea and that it was made knowingly, voluntarily, and intelligently.

{¶ 15} Furthermore, despite Pitra's assertion otherwise, we find that the trial court afforded him a full hearing on his motion to withdraw. The record reflects that on January 20, 2011, the trial judge continued the hearing on Pitra's motion so that a full hearing could be held when the prosecutor was present. At the subsequent hearing on February 25, 2011, the trial court heard argument from Pitra's counsel as to why Pitra should be allowed to withdraw his plea. The judge then heard the State's objections to Pitra's motion and denied the motion.

**{¶ 16}** The court reasoned that the case had been pending since July 12, 2010, Pitra had entered a knowing and voluntary guilty plea, and the victim's status as a drug dealer was not relevant to the charges to which Pitra had pleaded guilty.

**{¶ 17}** Applying the *Peterseim* standards, we find no abuse of discretion in the trial court's decision to deny Pitra's motion to withdraw his plea. Pitra was represented by competent counsel throughout the proceedings and afforded a full Crim.R. 11 plea hearing at which he entered a knowing, voluntary, and intelligent plea. The trial court also held a hearing where it gave full and impartial consideration to Pitra's motion to withdraw his plea. Furthermore, although not mentioned by the trial court as a reason for denying Pitra's motion, the record reflects that Pitra pled guilty when trial was imminent, a factor that calls into question the genuiness of his motion to withdraw his plea. Accordingly, appellant's assignments of error are overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR