[Cite as *State v. Alt*, 2012-Ohio-3580.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 98087

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SUSAN ALT

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527674

**BEFORE:** Boyle, P.J., S. Gallagher, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 9, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, Ohio   44137

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Susan Alt, appeals the trial court's denial of her petition for postconviction relief without a hearing. She raises two assignments of error for our review:

"[1.] Because the trial court failed to make specific findings of fact and conclusions of law regarding the claim of failure to properly handle appellant's motion to withdraw plea hearing, instead of finding it to be res judicata, its judgment entry is not a final and appealable order.

"[2.] The trial court abused its discretion by dismissing appellant's postconviction petition without a hearing."

{¶2} Finding no merit to her appeal, we affirm the judgment of the trial court.

Procedural History and Factual Background

{¶3} In July 2010, Alt pleaded guilty to 31 counts relating to a sophisticated mortgage fraud scheme. As part of her plea, Alt agreed to forfeit $2 million to the state. Two weeks before the sentencing hearing in December 2010, Alt moved to withdraw her guilty plea, asserting that her plea should be vacated because she "did not fully understand all of the ramifications of her plea" and she "maintains her innocence and has a defense to the charges."

{¶4} The trial court held a hearing on Alt's motion to withdraw her plea before the sentencing hearing, after which it denied Alt's motion. The court sentenced Alt to an aggregate nine years in prison. The court also advised Alt that she would be subject to five years of mandatory postrelease control.

{¶5} In her direct appeal, Alt appealed the trial court's denial of her motion to withdraw her plea. *See State v. Alt*, 8th Dist. No. 96289, 2011-Ohio-5393. This court affirmed the trial court, agreeing that Alt "had indeed understood the ramifications of her plea and her motion was nothing more than a delay tactic." *Id.* at ¶ 13.

{¶6} In June 2011, Alt filed a petition for postconviction relief. She filed an amended petition two months later. Alt raised two issues in her petition. First, she claimed that the trial court failed to properly handle her motion to withdraw her plea, which denied her a right to a fair trial and due process of law. She further argued that she received ineffective assistance of counsel because (1) her lawyer failed to properly handle her motion to withdraw her plea; (2) her lawyer failed to provide proper legal counsel regarding the impact of forfeiture; and (3) her lawyer failed to timely notify her of the date of the sentencing hearing, causing her to miss the hearing, which she claims resulted in her receiving more prison time than she would have otherwise received.

{¶7} In February 2012, the trial court denied Alt's request for a hearing on her postconviction relief petition and subsequently denied her petition. The trial court determined that Alt's first issue was barred by res judicata and found that her second

claim, regarding ineffective assistance of counsel, was "refuted by the documents attached to her petition." It is from this judgment that Alt appeals.

## Standard of Review

**{¶8}** "[A] trial court's decision granting or denying a postconviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for postconviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 1. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980), citing *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940).

## Postconviction Proceedings

**{¶9}** Under R.C. 2953.21(A)(1)(a),

[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the

petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

* * *

Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues.

R.C. 2953.21(A)(1)(a), (C), and (E).

{¶10} A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral civil attack on the judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). In postconviction cases, a trial court acts as a gatekeeper, determining whether a defendant will even receive a hearing. *Gondor*, 112 Ohio St.3d at ¶ 51. In *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), the Ohio Supreme Court held that the trial court's gatekeeping function in the postconviction relief process is entitled to deference, including the court's decision regarding the sufficiency of the facts set forth by the petitioner and the credibility of the affidavits submitted.

### Final Appealable Order

{¶11} In her first assignment of error, Alt argues that because the trial court failed to make findings of fact and conclusions of law regarding the first claim of her postconviction petition ("trial court's failure to properly conduct a motion to withdraw plea hearing"), that the judgment is not a final appealable order. We disagree.

**{¶12}** R.C. 2953.21(C) provides that "If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."

**{¶13}** Here, the trial court found that Alt's claims regarding her motion to withdraw her plea were barred by res judicata. In her direct appeal, Alt argued that the trial court erred when it denied her motion to withdraw her plea. This court reviewed the transcript of the plea hearing, as well as the transcript for the hearing on Alt's motion to withdraw her plea. We concluded:

> [T]he trial court afforded Alt a full hearing on her motion to withdraw. The record reflects that the court held a lengthy hearing at which defense counsel argued why Alt should be allowed to withdraw her plea. The trial court considered the state's objections to the motion and, after full and fair consideration, denied Alt's motion. The trial court stated that it was denying the motion because Alt had indeed understood the ramifications of her plea and her motion was nothing more than a delay tactic.

*Alt*, 2011-Ohio-5393, at ¶ 13.

**{¶14}** It is well settled that the doctrine of res judicata applies in postconviction relief proceedings. *State v. Blalock*, 8th Dist. No. 94198, 2010-Ohio-4494, ¶ 19.

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment.

*State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982), citing *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶15} Alt raised this exact argument — regarding the trial court's handling of her motion to withdraw her plea — in her direct appeal. Accordingly, the trial court was correct in concluding that res judicata bars its consideration in a proceeding for postconviction relief. Alt's first assignment of error is overruled.

Evidentiary Hearing

{¶16} In her second assignment of error, Alt maintains that the trial court erred when it denied her petition for postconviction relief without a hearing because she asserts that her claim of ineffective assistance of counsel, with supporting documentation, warranted a hearing.

> [A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing [if] the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief.

*Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905, at paragraph two of the syllabus. According to the Ohio Supreme Court, it is "not unreasonable to require the defendant to show in his petition for postconviction relief that such errors resulted in prejudice before a hearing is scheduled." *Id.* at 283.

{¶17} Here, the trial court stated that it considered Alt's petition, case law, and exhibits, and found that the documents attached to the petition refuted Alt's claim that her counsel was ineffective. We agree.

{¶18} Alt claims that her counsel representation was deficient because (1) he coerced her into pleading guilty, (2) did not properly prepare for and handle her motion to

withdraw her plea, (3) failed to inform the judge that she missed the first hearing on her motion to withdraw her plea and sentencing due to her flight being delayed due to weather, (4) failed to object to her forfeiting $2 million to the state, and (5) did not prepare for her sentencing hearing.

{¶19} Regarding her first two claims — that her counsel coerced her into pleading guilty and was deficient in handling her motion to withdraw her plea, Alt did not attach any documentation to her petition that establishes her plea was anything but voluntarily entered into, or that her counsel improperly prepared or handled her motion to withdraw her plea. Alt attached many email conversations between her and her counsel to her postconviction relief petition. Nothing in the emails even suggests that she did not enter into her plea voluntarily, knowingly, and intelligently. One email from her counsel to her, dated May 13, 2010, states, "I am very aware you will not plead to any felonies." Almost two months later, Alt pleaded guilty to 31 counts, all felonies. Defendants often change their mind regarding whether to enter into a plea when facing trial. When Alt entered into her plea, her case had been pending for 11 months and was scheduled for trial two weeks later. As this court determined in Alt's direct appeal, "[t]he record overwhelmingly demonstrates that Alt understood the ramifications of her plea and that it was made knowingly, voluntarily, and intelligently." *Alt* at ¶ 12. None of the emails attached to Alt's petition contradicts this conclusion.

{¶20} Alt further claims that her counsel was deficient because he informed her that if she pled guilty, she could avoid prison time by paying a substantial amount of

money. In support of this claim, Alt cites to emails attached to her petition where she claims that her counsel's use of the word "payola" meant exactly that, i.e., if she paid, she would not go to prison or could avoid felony convictions altogether. But a review of the emails establishes that her counsel was attempting to get her to pay the $2 million forfeiture to the state before sentencing, as she agreed to do as part of her plea. Alt pled guilty in early July 2010. The trial court delayed sentencing at her request so that she had time to procure the $2 million. Her counsel advised her to pay the money in an attempt to mitigate her sentence. As the trial court found in denying her petition, a review of the plea hearing makes it "abundantly clear" that Alt entered into her plea without threats or promises. Nothing in the emails attached to her petition establish that her counsel coerced her to enter into the plea.

{¶21} Further, with respect to Alt's argument that her counsel did not properly prepare for or handle her motion to withdraw her plea, we disagree that the documents attached to her petition support this claim. Although Alt's counsel informed her in the emails that courts liberally grant a presentence motion to withdraw a plea, he also informed her that the trial court could and had the discretion to deny it. Accordingly, we agree with the trial court that the documents attached to Alt's petition actually refute Alt's claim that her counsel was deficient in preparing for and handling her motion to withdraw her plea.

{¶22} Moreover, we do not have a transcript of the hearing on Alt's motion to withdraw her plea. But this court found in Alt's direct appeal "that the trial court

afforded Alt a full hearing on her motion to withdraw," and "the court held a lengthy hearing at which defense counsel argued why Alt should be allowed to withdraw her plea." Alt did not provide any documentation in her petition that refutes this conclusion.

{¶23} With respect to Alt's assertion that her counsel was ineffective because he failed to inform the judge that she missed her first sentencing hearing (also the hearing on her motion to withdraw) due to the fact that her flight was delayed because of weather, the documents attached to her petition support no such thing. The emails attached to her petition show that she was angry with her counsel due to a miscommunication regarding the date of sentencing. In the emails, Alt argues with her counsel that his secretary told her the wrong date. But her counsel's reply indicates that he told her that he orally informed her on the telephone of the correct date. Her counsel further informed her that she would have the chance to explain to the judge why she missed the first hearing. This does not rise to deficient performance.

{¶24} Alt further claims that her counsel was ineffective for failing to object to her having to forfeit $2 million to the state. Alt did not raise this issue in her petition for postconviction relief. But we note that as part of her plea agreement, Alt voluntarily, knowingly, and intelligently agreed to forfeit $2 million to the state.

{¶25} Alt's final claim, that her counsel failed to prepare for her sentencing hearing, is also not supported by the documentation attached to her petition. The trial court found that the record reflected that "defense counsel attempted to mitigate

sentence." We do not have the transcript from the sentencing hearing. But none of the documents that Alt attached to her petition contradicts the trial court's finding.

**{¶26}** Alt's second assignment of error is overruled.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
EILEEN A. GALLAGHER, J., CONCUR