[Cite as *State v. Alt*, 2012-Ohio-5182.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98313**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SUSAN ALT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-527674

**BEFORE:**   Stewart, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   November 8, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, OH    44137


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary H. McGrath
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶1} Defendant-appellant Susan Alt appeals from an order that denied her motion to vacate her conviction and sentence on grounds that the court's sentencing entry did not contain "a clear order of forfeiture." We affirm because Alt's arguments are barred by res judicata and otherwise without merit.

{¶2} In 2010, Alt pleaded guilty to 31 counts relating to a mortgage fraud scheme. As part of her plea agreement, she agreed to forfeit $2 million. Prior to sentencing, she sought to withdraw her plea on grounds that she did not fully understand the ramifications of her plea. The court held a hearing and denied the motion to withdraw the plea. We affirmed, finding that Alt "understood the ramifications of her plea * * *." *State v. Alt*, 8th Dist. No. 96298, 2011-Ohio-5393, ¶ 13.

{¶3} Alt then filed an application to reopen her appeal on grounds that appellate counsel was ineffective for failing to raise an ineffective assistance of counsel argument on direct appeal. We denied the motion because it was untimely and because Alt failed to demonstrate good cause to justify her untimely motion. *State v. Alt*, 8th Dist. No. 96298, 2011-Ohio-5393, *reopening denied*, Motion No. 453869 (May 9, 2012).

{¶4} Alt also filed a petition for postconviction relief in which she claimed ineffective assistance of trial counsel for improperly handling her motion to withdraw the guilty plea, failing to provide proper legal counsel on the ramifications of the forfeiture, and failing to give her timely notice of the date of her sentencing hearing. The court

denied postconviction relief without a hearing, finding that the ineffective assistance of counsel claim was barred by res judicata and that her remaining claims were contradicted by documents attached to her petition. We affirmed, finding the evidence proved that Alt voluntarily entered her guilty plea without coercion from defense counsel and that "Alt voluntarily, knowingly, and intelligently agreed to forfeit $2 million to the state." *State v. Alt*, 8th Dist. No. 98087, 2012-Ohio-3580, ¶ 24.

{¶5} The motion at issue in this appeal — that the court's sentencing entry failed to contain a "clear" order of forfeiture — is barred by res judicata.

{¶6} Principles of res judicata bar a criminal defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶7} Alt did question the validity of the forfeiture order in her appeal from the court's refusal to allow her to withdraw her guilty plea. We concluded that Alt's arguments were a "delay" tactic, a conclusion demonstrated by the record. The court's sentencing entry states: "Defendant to forfeit to the State: $2,000,000.00." That entry was consistent with the terms of the plea bargain as described by the state: the transcript of the plea hearing shows that the plea bargain included a "forfeiture at the time of the sentencing to the State of Ohio of two million dollars." The issue was fully addressed and decided adversely to Alt, with this court finding no basis for Alt to complain that she

was unaware that a consequence of her guilty plea was that she would forfeit $2 million to the state. She is barred from raising it again in subsequent legal motions.

{¶8} Alt's complaint that the court could not order forfeiture because the indictment did not contain a forfeiture specification as required by R.C. 2941.1417(A) is likewise barred by res judicata. She could have raised that argument on direct appeal from her conviction, but chose not to. She is thus barred from raising it in postconviction motions.

{¶9} In any event, Alt fails to comprehend that indictments may be amended at any time "before, during, or after a trial[.]" Crim.R. 7(D). Her plea bargain was made to counts that were not charged in the original indictment, so the court necessarily had to amend the indictment to reflect the new charges. Indictments may be amended by way of a plea bargain with the defendant's consent without resubmitting the matter to the grand jury. *State v. Talani,* 8th Dist. No. 56436, 1989 Ohio App. LEXIS 1586 (Apr. 27, 1989); *State v. Wendt*, 11th Dist. No. 93-P-0042, 1993 Ohio App. LEXIS 5767 (Dec. 3, 1993).

{¶10} The transcript shows that Alt was fully aware that the state was amending certain counts as part of the plea bargain and that she would be forfeiting money as a result of the plea. The forfeiture of money was acknowledged by defense counsel and confirmed by the court in its colloquy with Alt. The indictment was thus properly amended to include the forfeiture without the need to resubmit it to the grand jury.

**{¶11}** Finally, the court had no obligation to conduct a hearing on Alt's motion to vacate her sentence. A hearing is not required for every motion filed in a criminal case. When the substance of the claims made in a motion are, as here, plainly barred by res judicata or otherwise without merit, no hearing is necessary.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR